UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAMUEL STEFAN DAISY,   Case No. 1:11-cv-366

    Plaintiff,   Barrett, J.
       Bowman, M.J.
v.

KAO BRANDS COMPANY, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

On June 6, 2011, Plaintiff initiated this litigation by filing a *pro se* complaint against his former employer, Kao Brands Company, and his former supervisor Maureen Jolley. (Doc. 5). Because Plaintiff was granted leave to proceed *in forma pauperis*, summons was served by the United States Marshal.

Defendant Kao Brands Company filed its answer on August 22, 2011, (Doc. 6), but Defendant Jolley filed a motion to dismiss in lieu of an answer. (Doc. 7). When Plaintiff failed to respond to Defendant Jolley's motion, the Court issued a "show cause" order, directing Plaintiff to respond by a date certain, and warning him that the motion to dismiss would likely be granted if he failed to respond. (Doc. 12). After Plaintiff failed to respond to the order to show cause, the Court granted Defendant Jolley's unopposed motion to dismiss with prejudice. (Docs. 14, 17).

On March 26, 2012, pursuant to Federal Rules of Civil Procedure 37 and 41(b), the remaining Defendant, Kao Brands Company, filed a motion to dismiss Plaintiff's claim for failure to prosecute. (Doc. 18). In its motion, Defendant asserts that Plaintiff has failed to proceed in any fashion to prosecute this case other than complying with his

Rule 26(f) obligation. (*See* Doc. 11). Plaintiff has failed to make initial discovery disclosures by the date specified in the parties' Rule 26(f) report, and has failed to respond to Defendant's written discovery requests, including interrogatories and requests for production. Finally, Plaintiff failed to appear and submit to a properly noticed deposition, causing Kao Brands to incur a $75.00 court reporter fee. (*Id.* at 1-3). Defense counsel's multiple attempts to contact Plaintiff by telephone, regular mail, and email, all have proven unsuccessful, with no response elicited from Plaintiff. The discovery deadline in this case expired on March 31, 2012. (Doc. 15).

As Plaintiff has previously been advised, S.D. Ohio Civ. R. 7.2(a)(2) provides that memorandum in opposition "shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." When Plaintiff filed no timely response to Defendant Kao Brands' motion, the Court for a second time ordered Plaintiff to "show cause . . . why the motion to dismiss should not be construed as unopposed and granted for the reasons stated in the motion." (Doc. 19 at 3).[1] Plaintiff was again warned that Defendant's motion to dismiss would likely be granted if Plaintiff failed to make any timely response. (*Id*). Nevertheless, Plaintiff failed to timely respond to the Court's "show cause" order.

On June 18, 2012, when this Court had nearly completed its review of Defendant's motion, Plaintiff filed his own "motion to dismiss," seeking dismissal of this case "without prejudice." (Doc. 22). Plaintiff's motion reflects a change of address, to St. Anthony, Minnesota, and asks for dismissal due to his "[l]ack of resources for hiring proper counsel and location of the plaintiff." (*Id.*).

---

[1] This standard "show cause" order was virtually identical to the order previously issued to Plaintiff when he failed to respond to Defendant Jolley's motion to dismiss.

2

Having reviewed the record including the motions to dismiss now filed by both parties, I conclude that this action should be dismissed with prejudice for the reasons stated in Defendant's motion. Specifically, the complaint should be dismissed under Rule 41(b) based upon Plaintiff's failure to comply with two orders to "show cause." *See Rouse v. Jefferson City Health Rehab. Ctr.*, 173 F.3d 856, 1999 WL 18333 (6th Cir. 1999) (Table, text available on Westlaw, affirming the District Court's grant of dismissal for plaintiff's failure to comply with order to show cause). Plaintiff has put forth no effort to participate in discovery as required for prosecution of his case, and Defendant has been severely prejudiced by Plaintiff's failure to provide initial disclosures, failure to respond to written discovery requests, failure to appear for his own properly noticed deposition, and general failure to respond to all attempts to communicate with him.

While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily-comprehended court deadlines. *See id.*, 951 F.2d at 110.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive

effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

In his recently filed motion to dismiss, Plaintiff asks this Court to grant dismissal "without prejudice." However, dismissal "without prejudice" at this time is not appropriate based upon Plaintiff's course of conduct. In addition, any re-filed claim of employment discrimination, concerning Plaintiff's termination from Defendant's employment on November 13, 2009, presumably would be time-barred.[2]

Therefore, **IT IS RECOMMENDED THAT:**

1. Defendant's motion to dismiss (Doc. 18) be **GRANTED** and that all claims against Defendant Kao Brands Company be **DISMISSED WITH PREJUDICE** for failure to prosecute;

2. Plaintiff's motion to dismiss (Doc. 22) without prejudice be **DENIED;** and

3. This case be **CLOSED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] In general, a plaintiff must file suit under Title VII for employment discrimination within ninety (90) days of receipt of a notice of his right to sue. Plaintiff's EEOC notice is dated March 15, 2011; he initiated this federal lawsuit shortly before the expiration of the 90-day filing period, on June 6, 2011.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SAMUEL STEFAN DAISY, | Case No. 1:11-cv-366 |
| Plaintiff, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| KAO BRANDS COMPANY, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walter, 638 F.2d 947 (6th Cir. 1981).